UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOWNEY DANIELS,<br><br>Plaintiff,<br><br>v.<br><br>RACQUEL MOSQUERA,<br><br>Defendant. | No. 1:24-cv-1594-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING ACTION BE DISMISSED FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT ORDERS<br><br>(ECF No. 20). |

## I. BACKGROUND

Plaintiff Downey Daniels is a state prisoner proceeding *pro se* in this civil rights action. (ECF No. 1). Plaintiff filed the complaint commencing this action on September 26, 2024, in California Superior Court, Kings County and Defendant removed the case to this Court on December 27, 2024, pursuant to 28 U.S.C. § 1331. (*Id.*). Plaintiff alleges Defendant Raquel Mosquera intentionally closed a hydraulic door on him as he was halfway through the door, causing "extreme pain." (ECF No. 1-1 at 8).

The Court screened Plaintiff's complaint on January 8, 2026, finding that Plaintiff's claims of excessive force and failure to protect in violation of the Eighth Amendment may proceed past screening. (ECF No. 7). The Court directed Plaintiff to: (1) Notify the Court that he wanted to proceed on these claims; (2) file a first amended complaint; or (3) stand on his original complaint. (*Id.*). On February 23, 2026, Plaintiff chose to proceed on the claims the Court found cognizable. (ECF No. 8)

Following service of the complaint on Defendant and Defendant's subsequent answer to the complaint, the Court issued an order to stay the case under the Court's Alternative Dispute

Resolution program. (ECF Nos. 14, 16, 17). Defendant opted out of the ADR program on June 3, 2026. (ECF No. 18).

On June 4, 2026, the Court issued an order directing both Plaintiff and Defendant to file statements regarding discovery and a proposed schedule within thirty days. (ECF No. 20). Service of this order was not made on Plaintiff, as it was marked undeliverable because Plaintiff refused acceptance of the order. Defendant timely filed her statement of discovery and scheduling on June 25, 2026. (ECF No. 21). On July 21, 2026, the Court issued the following order

> The Court's June 4, 2026, order directed the parties to file statements regarding scheduling and discovery no later than July 6, 2026. (ECF No. 20). Defendant filed a statement of discovery and scheduling on June 25, 2026. (ECF No. 21). However, to date, Plaintiff has failed to file a statement regarding scheduling and discovery. Accordingly, IT IS ORDERED that Plaintiff is granted a single sua sponte August 4, 2026, to file his statement. If Plaintiff fails to do so, the Court may impose sanctions, including dismissal of this case. The Clerk of Court is directed to send Plaintiff a copy of the June 4, 2026, order (ECF No. 20) along with this order.

(ECF No. 22). This order, along with the Court's previously issued order for statements of discovery and scheduling were returned as undeliverable because Plaintiff refused acceptance. In an abundance of caution, the Court again re-attempted service of the orders on Plaintiff and on August 12, 2026, the orders were returned as undeliverable because Plaintiff refused acceptance.

As of the date of this order, Plaintiff has failed to file his schedule and discovery statement or otherwise communicate with the Court. Therefore, the Court shall recommend that this case be dismissed, without prejudice, for failure to comply with the Court's orders and for failure to prosecute this case.

## II. FAILURE TO COMPLY WITH COURT'S ORDERS AND FAILURE TO PROSECUTE

The Court will recommend dismissal based on Plaintiff's failure to prosecute this case and to comply with the Court's numerous orders.

> In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Therefore, the first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. . . ." (*Id.)* (citations omitted). Plaintiff has failed to file his statement of discovery and schedule and has failed to respond to the Court's other orders. The failure to respond delays the case and interferes with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." (*Id.)* (citing *Yourish,* 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with court orders and to prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and has failed to comply with the Court's orders, despite being warned of possible dismissal, there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's incarcerated status, it appears that monetary sanctions are of little use to prompt him to comply with future orders. And given the stage of these proceedings, the preclusion of evidence or witnesses is not available.

Lastly, because the dismissal being recommended in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice. Therefore, the fourth factor weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this final factor weighs against dismissal. (*Id.)*

After weighing the factors, the Court finds that dismissal is appropriate.

## III. CONCLUSION AND RECOMMENDATION

Accordingly, based on the foregoing, it is **RECOMMENDED** that:

1. This action be dismissed, without prejudice, for failure to comply with court orders and failure to prosecute; and
2. The Clerk of Court be directed to close this case.

Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 21, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE