UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOWNEY DANIELS,<br>Plaintiff,<br>v.<br>RACQUEL MOSQUERA,<br>Defendant. | Case No. 1:24-cv-1594-JLT-EPG (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR THIRTY (30) DAY EXTENSION<br><br>(ECF No. 24) |

Plaintiff Downey Daniels is a state prisoner proceeding *pro se* in this civil rights action. (ECF No. 1). Plaintiff filed the complaint commencing this action on September 26, 2024, in California Superior Court, Kings County and Defendant removed the case to this Court on December 27, 2024, pursuant to 28 U.S.C. § 1331. (Id.). Plaintiff alleges Defendant Raquel Mosquera intentionally closed a hydraulic door on him as he was halfway through the door, causing "extreme pain." (ECF No. 1-1 at 8).

The Court screened Plaintiff's complaint on January 8, 2026, finding that Plaintiff's claims of excessive force and failure to protect in violation of the Eighth Amendment may proceed past screening. (ECF No. 7). The Court directed Plaintiff to: (1) Notify the Court that he wanted to proceed on these claims; (2) file a first amended complaint; or (3) stand on his original complaint. (Id.). On February 23, 2026, Plaintiff chose to proceed on the claims the Court found cognizable. (ECF No. 8)

Following service of the complaint on Defendant and Defendant's subsequent answer to the complaint, the Court issued an order to stay the case under the Court's Alternative Dispute

Resolution program. (ECF Nos. 14, 16, 17). Defendant opted out of the ADR program on June 3, 2026. (ECF No. 18).

On June 4, 2026, the Court issued an order directing both Plaintiff and Defendant to file statements regarding discovery and a proposed schedule within thirty days. (ECF No. 20). Service of this order was not made on Plaintiff, as it was marked undeliverable because Plaintiff refused acceptance of the order. Defendant timely filed her statement of discovery and scheduling on June 25, 2026. (ECF No. 21). On July 21, 2026, the Court issued the following order

> The Court's June 4, 2026, order directed the parties to file statements regarding scheduling and discovery no later than July 6, 2026. (ECF No. 20). Defendant filed a statement of discovery and scheduling on June 25, 2026. (ECF No. 21). However, to date, Plaintiff has failed to file a statement regarding scheduling and discovery. Accordingly, IT IS ORDERED that Plaintiff is granted a single sua sponte August 4, 2026, to file his statement. If Plaintiff fails to do so, the Court may impose sanctions, including dismissal of this case. The Clerk of Court is directed to send Plaintiff a copy of the June 4, 2026, order (ECF No. 20) along with this order.

(ECF No. 22). This order, along with the Court's previously issued order for statements of discovery and scheduling were returned as undeliverable because Plaintiff refused acceptance. In an abundance of caution, the Court again re-attempted service of the orders on Plaintiff and on August 12, 2026, the orders were returned as undeliverable because Plaintiff refused acceptance.

Because of Plaintiff's failure to comply with the Court's orders and his failure to prosecute the case, the Court issued findings and recommendations recommending the action be dismissed for those reasons on August 21, 2026. (ECF No. 23).

On September 1, 2026, Plaintiff filed a "Motion for 30-Day Extension of Time to file Statement Regarding the Schedule and Discovery Matters." (ECF No. 24). In his motion, Plaintiff represents he never received the Court's original June 4, 2026, order, nor did he receive the duplicate orders sent to him. (*Id.* at 3). Plaintiff attached a grievance log that he filed on August 2, 2026, which purports to demonstrate that his legal mail was opened by a correctional officer prior to Plaintiff receiving said legal mail. (*Id.* at 12-14). It is unclear if Plaintiff claims the mail that was opened was the Court's prior orders.

Given Plaintiff's representations that he had not received the Court's orders regarding the requirement to file a statement of scheduling and discovery, the Court will provide an additional thirty days to the objection period for the pending findings and recommendations issued on August 21, 2026. Further, the Court shall grant Plaintiff's motion for an extension of time to file a statement of scheduling and discovery.

Accordingly, IT IS ORDERED that the period for objections to the pending findings and recommendations (ECF No. 23) will be extended by thirty (30) days to October 5, 2026. Should Plaintiff file his statement regarding discovery and schedule by October 5, 2026, the Court shall vacate the findings and recommendations.

IT IS SO ORDERED.

Dated: **September 3, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE